IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAY HENRY,<br>  Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A., et al.,<br>  Defendants. | §<br>§<br>§<br>§  Civil Action No. 3:17-CV-2962-M-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *Defendant Moss Law Firm, P.C. and Michael A. Moss's Joint 12(b)(6) Motion to Dismiss Plaintiff's Statement of Amended Claim*, Doc. 24, and *Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 26, have been referred to the undersigned United State Magistrate Judge for a recommended disposition. For the reasons stated herein, the motions should be **GRANTED**.

**I. BACKGROUND**

On June 21, 2016, Moss Law Firm, P.C. sent a letter to Plaintiff stating that he owed $10,665.07 (the "Debt"). Doc. 19 at 14, 89. On July 13, 2016, Plaintiff sent a letter to Moss Law Firm and Michael Allen Moss (collectively, the "Moss Defendants") disputing the Debt and demanding that it be verified. Doc. 19 at 20-21. On August 3, 2016, Capital One sent Plaintiff a letter stating that it had "investigated [his] dispute and found that [his] Capital One account balance is correct," that he had "an outstanding balance, and that [he is] responsible for paying this amount." Doc. 19 at 15, 31. On August 17, 2016, the Moss Defendants responded to Plaintiff's letter. Doc. 19 at 14. The header of the response stated Plaintiff's name, the Debt, the last four digits of the account number, the file number, and identified Capital One as the original creditor. Doc. 19 at 91. The letter further notified Plaintiff that his dispute had been reviewed

and that the Debt had been verified. Doc. 19 at 91. "As further verification of [the Debt]," additional documents from Capital One were also attached to the letter, to-wit: 39 pages consisting of "Statements dated July 3, 2014 through August 2, 2015," Plaintiff's credit application, and 23 pages consisting of "Copies of Payments." Doc. 19 at 91.

On October 25, 2017, Plaintiff sent a notice of dispute to TransUnion, Equifax, and Experian; only TransUnion and Experian responded. Doc. 19 at 8. On December 7, 2017, Plaintiff sent another letter to Capital One disputing the Debt and its earlier verification, to which Capital One responded. Doc. 19 at 28-29, 33. In January 2017, Capital One filed a lawsuit in Dallas County, Texas, against Plaintiff and Ray Henry Construction Inc. to recover the Debt ("State Court Lawsuit"). Doc. 19 at 15, 95-99.

Based on these allegations, Plaintiff asserts claims against the Moss Defendants and Capital One (collectively "Defendants") for violating the Fair Credit Reporting Act ("FCRA") and defamation of character. Doc. 19 at 7-11, 16-17. Plaintiff also asserts a claim against the Moss Defendants for violating the Fair Debt Collection Practices Act ("FDCPA"). Doc. 19 at 11-15. By the motions *sub judice*, Defendants move to dismiss all of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 24; Doc. 26. Plaintiff filed responses to each motion, Doc. 29; Doc. 30, and Defendants replied, Doc. 31; Doc. 32.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint – or counterclaim in this case − does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference

fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). However, a court will not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Jefferson v. Lead Indus. Assoc., Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A court may also consider documents attached to a motion to dismiss, provided that they are referenced in the plaintiff's complaint and central to his or her claims. *Collins*, 224 F.3d at 498-99.

### III. ANALYSIS

**A.    FCRA Claims Against Defendants**

Plaintiff alleged that Defendants violated section 1681s–2(b) of the FCRA when, after he notified each that he disputed the Debt, they failed to inform the consumer reporting agencies ("CRAs") of the dispute. *See* Doc. 19 at 10 ("Defendant Capital One is required to inform any notice of dispute to the major [CRAs], that the alleged debt is in dispute, which Defendant Capital One has not properly done."), 11 ("[The Moss Defendants] [are] required to inform any notice of dispute to the major CRA's [sic], that the alleged debt is in dispute, which [the Moss Defendants] [have] never done."). Defendants move to dismiss this claim on the grounds that, *inter alia*, Plaintiff failed to allege that he notified a CRA of his dispute and that the CRA notified Defendants of the dispute. Doc. 24 at 5-8; Doc. 26 at 4-5.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of AM. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted). To achieve this purpose, the act imposes duties on those that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s–2 of the FCRA sets forth "[r]esponsibilities of furnishers of information to [CRAs]," which are divided under subsections (a) and (b). Plaintiff only invokes subsection (b), *see* Doc. 19 at 4-6, which imposes duties on furnishers to, *inter alia*, investigate disputes, correct any inaccurate information, and notify the CRAs of the results of the investigation. *See* 15 U.S.C. § 1681s–2(b). However, a furnisher's responsibility to perform its section 1681s–2(b) duties is only triggered when a CRA notifies the furnisher of a consumer's dispute. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("Thus, any private right of action [the plaintiff] may have under § 1681s–2(b) would require proof that a [CRA] . . . had notified [the defendant] pursuant to § 1681i(a)(2)."). Thus, to state a claim under section 1681s–2(b),[1] a plaintiff must allege that (1) he notified a CRA of inaccurate information, (2) the CRA notified the furnisher of the consumer's dispute, and (3) the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation. *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (Ramierz, J.) (citation omitted).

Here, Plaintiff fails to allege facts that would trigger a private right of action under the FCRA. As stated, Plaintiff alleged that Defendants are liable under section 1681s–2(b) because,

---

[1] Many district courts within the Fifth Circuit have held that a private right of action exists under section 1681s–2(b). *See Davis v. Sallie Mae, Inc.*, No. 3:09-CV-00821-B, 2009 WL 2525303, at *3 (N.D. Tex. Aug. 18, 2009) (Boyle, J.) (collecting cases). While the Court of Appeals for the Fifth Circuit has not yet ruled on this issue, is has noted that "[n]othing in [section 1681s–2] precludes a private right of action for violation of the investigation and reporting requirements of Section 1681s–2(b)." *Young*, 294 F.3d at 639.

4

after he notified them that he disputed the Debt, they failed to notify the CRAs of his dispute. However, this view of the law is incorrect, as a private right of action under section 1681s–2(b) does not arise from communications between the consumer and furnisher. *See Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2014 WL 1462443, at *7 (N.D. Tex. Apr. 15, 2014) (Fitzwater, C.J.) ("[D]irect notification by the consumer does not trigger a furnishers duties under § 1681s–2(b)."). Instead, as explained above, "any liability for a violation of section 1681s–2(b) would not arise unless [Defendants] had been notified of an inaccuracy [by a CRA] and failed to correct the error." *Davis*, 2009 WL 2525303, at *4. And while Plaintiff alleges that he notified several CRAs of his dispute in October 2017, he does not allege that they then notified Defendants of the dispute such that Defendants' duties under section 1681s–2(b) would be triggered.

Plaintiff cites several out-of-circuit cases for the proposition that a private right of action arose under section 1681s–2(b) when he notified Defendants that he disputed the Debt and they failed to pass on notice of the dispute to the CRAs.[2] In each of those cases, however, the furnisher's liability arose under section 1681s–2(b) when it failed to notify the CRAs of a dispute after the consumer notified a CRA of a dispute *and the CRA notified the furnisher of the consumer's dispute*. Stated differently, the "notice" that triggered liability in those cases was the notice from the CRA to the furnisher, and not, as Plaintiff contends here, notice from the consumer to the furnisher. Contrary to Plaintiff's interpretation, each opinion reaffirmed that the "notice" required to trigger a furnisher's duties under section 1681s–2(b) must come from a CRA and "cannot come [to the furnisher] directly from the consumer." *Seamans*, 744 F.3d at 865 n.9

---

[2] *Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142 (4th Cir. 2008).

5

& 867 n.11; *see also Saunders*, 526 F.3d at 149 (noting that section 1681s–2(b) imposes obligations on furnishers "upon receipt of a notice of dispute *from a CRA*") (emphasis added); *Gorman*, 584 F.3d at 1154 (same). Accordingly, Plaintiff's has failed to state viable claims against Defendants for violations of the FCRA, and thus they should be dismissed.

**B.      FDCPA Claim Against the Moss Defendants**

Plaintiff alleged that the Moss Defendants violated section 1692g(b) of the FDCPA when, after Plaintiff notified them in writing that he disputed the alleged debt, the Moss Defendants failed to provide "sufficient validation of the alleged debt." Doc. 19 at 11-15. The Moss Defendants move to dismiss this claim on the grounds that, as the attachments to Plaintiff's Amended Complaint show, they timely and sufficiently verified the debt, which included mailing Plaintiff "years of credit card statements reflecting the date and nature of transaction that led to the debt at issue," copies of payments made by Plaintiff, and Plaintiff's original credit application. Doc. 24 at 10. In response, Plaintiff contends that the Moss Defendants sent "only one statement" and not the "years" of credit card statements the Moss Defendants alleged in their motion. Doc. 30 at 4.

Under section 1692g(b), if a consumer notifies a debt collector within 30 days of receiving initial communication that the debt, or any portion thereof, is disputed, the debt collector must "cease collection of the debt" until it "obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). "Verification" is not defined by the FDCPA, and the Fifth Circuit has not directly addressed the issue. *Ghanta v. Immediate Credit Recovery, Inc.*, No. 3:16-CV-00573-O, 2017 WL 1423597, at *7 (N.D. Tex. Apr. 18, 2017) (O'Connor, J.). Though courts are to look to the ordinary meaning of the term "verification" in such circumstances, *United States v. Santos*, 553

U.S. 507, 511 (2008), it has been noted that this is unhelpful when determining compliance with the FDCPA's verification requirement. *See, e.g.*, *Ghanta*, 2017 WL 1423597, at *7. Looking to other Circuit courts for guidance reveals that a split exists. For instance, the Courts of Appeal for the Fourth, Eighth, and Ninth Circuits have held that verification is "not intended to give a debtor a detailed accounting of the debt to be collected," and is instead meant only to prevent debt collectors from "dunning the wrong person" or attempting to collect debts that have already been paid. *See Mack v. Progressive Fin. Servs., Inc.*, No. 4:13-CV-544, 2015 WL 123742, at *3 (E.D. Tex. Jan. 8, 2015) (collecting Fourth, Eighth, and Ninth Circuit cases). The Court of Appeals for the Sixth Circuit, however, requires that the consumer receive "notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation." *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014) (noting that this information "does not have to be extensive").

 Regardless of which standard applies, Plaintiff's assertion of inadequate verification is contradicted by the attachments to his Amended Complaint. Specifically, in response to Plaintiff's verification request, the Moss Defendants sent him a letter containing the name and address of the original creditor,[3] the last four digits of the account number, and the balance due. *See* Doc. 19 at 91. This district has found that provision of the same information satisfies section 1692g(b)'s verification requirement. *See Hubbard v. Midland Credit Mgmt.*, No. 4:13-CV-112-Y, 2013 WL 6027899, at *3 (N.D. Tex. Nov. 13, 2013) (Means, J.) (finding that a letter sent by

---

[3] In his Amended Complaint, Plaintiff alleged that the Moss Defendants' verification letter "did not expressly identify" who the creditor was. Doc. 19 at 14. That is incorrect, as Capital One is specifically identified as the creditor. *See* Doc. 19 at 91 ("Original Creditor: Capital One Bank, 4851 Cox Rd., Glen Allen, VA 23060").

the creditor's assignee containing the name of the original creditor, the last four digits of the account number, and the balance due satisfied section 1692g(b)'s verification requirements).

The Court would reach the same conclusion even under the Sixth Circuit's stricter standard. Specifically, the verification letter also indicates that the Moss Defendants attached 39 pages of "Statements dated July 3, 2014 through August 2, 2015," 23 pages of copies of Plaintiff's payments, and Plaintiff's original credit application. Doc. 19 at 91. While Plaintiff claims in his response that he received only one statement (an allegation that he does not make in his Amended Complaint), he does not dispute that the verification letter included 29-pages worth of copies of his payments and original credit application. *See* Doc. 30 at 4. Such extensive information, though not even required under the Sixth Circuit's standard, at a minimum permits Plaintiff to "dispute [his] payment obligation." *Haddad*, 758 F.3d at 785-86. Accordingly, Plaintiff's FDCPA claim against the Moss Defendants fails as a matter of law and should be dismissed.

C.  **Defamation Claims Against Defendants**

Plaintiff brings claims of defamation against Defendants for (1) "submitting false and/or incomplete information to the CRA's [sic]," and (2) "filing a lawsuit to collect an alleged debt that was not verified," and (3) making "untrue allegations against Plaintiff on the public record in their" original state court petition. Doc. 19 at 16-17. All Defendants moved to dismiss these claims.

*1. Plaintiff Abandoned Defamation Claims Against Moss Defendants*

While Plaintiff responded to Capital One's arguments, he refused to address those proffered by the Moss Defendants. *See* Doc. 30 at 4 ("Plaintiff chooses not to respond to [the Moss Defendants'] arguments against defamation."). Plaintiff's failure to engage the Moss

8

Defendants' arguments constitutes abandonment of his defamation claims against them.  *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned when plaintiff failed to defend it in response to motion to dismiss).  Accordingly, Plaintiff's defamation claims against the Moss Defendants should be dismissed.

### *2. Plaintiff Fails to State a Claim for Defamation Against Capital One*

Capital One moves to dismiss Plaintiff's defamation claims on the grounds that (1) his defamation claim related to the provision of allegedly false and/or incomplete information to the CRAs is preempted by the FCRA since he failed to allege that Capital One acted with malice or willful intent to injure, and (2) his defamation claim related to the State Court Lawsuit is barred by absolute privilege.  Doc. 26 at 6-8.  In his response, Plaintiff notes several instances in which he alleged that Capital One acted with willful intent to injure.  Doc. 29 at 3-4.

### a. Defamation premised on provision of information to the CRAs

"The FCRA preempts state law defamation . . . claims unless the plaintiff consumer proves 'malice or willful intent to injure' him."  *Young*, 294 F.3d at 638 (citing 15 U.S.C. § 1681h(e)).  For the purposes of FCRA preemption, pleading "malice" requires the plaintiff to plead that the defendant made the statements "knowing the statements were false or with a reckless disregard of whether they were false."  *Licata v. Wells Fargo Dealer Servs., Inc.*, No. H-13-2264, 2013 WL 12155020, at *2 (S.D. Tex. Oct. 31, 2013) (quoting *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006)).  "Reckless disregard means that the defendant in fact entertained serious doubts as to the truth of his publication."  *Shaunfield*, 991 F. Supp. 2d at 802 (citation and internal quotation marks omitted).  "Negligence, lack of investigation, or failure to act as a reasonably prudent person are insufficient to show actual malice."  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 313 (5th Cir. 1995) (citation omitted).  Because this case

is not at the summary judgment stage, "the court need only look to the face of [Plaintiff's] [Amended Complaint] to ascertain whether he has alleged malice – an allegation that would except his claims from preemption by section 1681h(e) of the FCRA." *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 (N.D. Tex. 2011) (Fish, J.).

Plaintiff alleges that Capital One furnished false information to the CRAs "with malice or willful intent." Doc. 19 at 17. However, this allegation is a legal conclusion masquerading as fact, and therefore not entitled to any deference. *Jefferson*, 106 F.3d at 1250; *see Shaunfield v. Experian Info. Sols., Inc.*, No. 3:12-CV-4686-M (BH), 2013 WL 12354439, at *4 (N.D. Tex. Dec. 20, 2013) (Ramirez, J.) (plaintiff's conclusory statement that defendant published allegedly defamatory information with malice and willful intent to harm him were insufficient to survive motion to dismiss). Crucially lacking are any allegations that Capital One entertained serious doubts as to the veracity of the information it provided to the CRAs or any facts from which such conclusions can be gleaned. *Cf. Frank v. Delta Airlines, Inc.*, No. 3:00-CV-2772, 2001 WL 910386, at *2 (N.D. Tex. Aug. 3, 2001) (Buchmeyer, J.) (plaintiff failed to properly plead malice where he did not allege that the defendant entertained doubts as to the accuracy of the information it published). Thus, as alleged, Plaintiff's defamation claim premised on the provision of information to the CRAs is preempted by the FCRA and should be dismissed.

### b. Defamation premised on the State Court Lawsuit

"Texas law provides an absolute privilege to parties and witnesses who participate in judicial proceedings from having to answer civil actions in damages for libel or slander." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 644 (N.D. Tex. 2007) (Ramirez, J.) (citations omitted). This privilege extends to all statements made by counsel and "attaches to *all aspects of the proceedings*, including statements made in . . . pleadings or other papers in the case." *Id.*

10

(quoting *James v. Brown*, 637 S.W.2d 914, 916-17 9Tex. 1982)) (emphasis added). Thus, Plaintiff may not predicate his defamation claim on statements made in the State Court Lawsuit, or even the filing of the lawsuit itself, which is still an aspect of the proceedings. *Florance*, 500 F. Supp. 2d at 644. Accordingly, Plaintiff's defamation claim premised on any aspect of the State Court Lawsuit fails as a matter of law and should be dismissed.

### IV. LEAVE TO AMEND

Ordinarily a *pro se* litigant should be granted leave to amend their complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). However leave need not be granted if the court determines that the plaintiff has already pleaded his best case. *Id.* (citation omitted). Plaintiff has not previously been granted leave to amend, and it is not clear that he cannot allege a claim under the FCRA against Defendants or a defamation claim against Capital One premised on the provision of information to the CRAs. However, Plaintiff should not be afforded leave to replead his (1) FDCPA claim and all defamation claims against the Moss Defendants, or (2) defamation claims premised on actions during the State Court Lawsuit against Capital One, which, as discussed above, fail as a matter of law or were abandoned.

### V. CONCLUSION

In light of the foregoing, *Defendant Moss Law Firm, P.C. and Michael A. Moss's Joint 12(b)(6) Motion to Dismiss Plaintiff's Statement of Amended Claim*, Doc. 24, and *Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 26, should be **GRANTED**. Plaintiff's FDCPA claim and all defamation claims against the Moss Defendants, as well as defamation claims against Capital One premised on actions during the State Court Lawsuit should be **DISMISSED WITH PREJUDICE**. Plaintiff's FCRA claim

against both Defendants and defamation claim against Capital One premised on the provision of information to the CRAs should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a motion for leave to amend, accompanied by a proposed amended complaint that cures the deficiencies noted herein, within the time specified by the Court upon acceptance of this recommendation. If Plaintiff fails to do so, said claims should also be dismissed with prejudice.

**SO RECOMMENDED** on August 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE